# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY HARDRICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| **WELLS FARGO BANK** | ) | |
| **NATIONAL ASSOCIATION;** | ) | |
| **RESOLVION, LLC;** | ) | |
| **KEEL RECOVERY, INC.;** | ) | |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT

Plaintiff Bobby Hardrick, in the above-styled cause, for his Complaint against the Defendants states the following:

## PARTIES

1. The Plaintiff, Bobby Hardrick, is a resident and citizen of the state of Texas, Dallas County, and is over the age of twenty-one (21) years.

2. The Defendant, Wells Fargo Bank National Association doing business as Wells Fargo Auto ("Wells Fargo"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Texas in this district, and is

1

registered to do business in Texas.

3.    The Defendant, Resolvion, LLC ("Resolvion"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Dallas County, Texas and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Resolvion was attempting to collect a consumer debt as defined by the FDCPA and uses instrumentality of interstate commerce or the mails in a business wherein the principal purpose of which is the enforcement of security interests.

4.    The Defendant, Keel Recovery, Inc. ("Keel Recovery") is a domestic entity and was, in all respects and at all times relevant herein, doing business in the state of Texas. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Dallas County, Texas and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6). Upon information and belief, Defendant Keel Recovery was attempting to collect a consumer debt as defined by the FDCPA and uses instrumentality of interstate commerce or the mails in a business wherein the principal purpose of which is the enforcement of security interests.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS
### Defendants' Business Model

6.      Upon information and belief, Defendant Wells Fargo contracts with Defendant Resolvion to recover consumer vehicles in which Defendant Wells Fargo claims a possessory interest.

7.      Upon information and belief, this agreement states that Defendant Resolvion will provide services in the locating of the vehicle, the physical recovery of the vehicle, and the care of the vehicle post-recovery.

8.      Defendant Wells Fargo pays Defendant Resolvion per recovery.  This pay structure creates an incentive to recovery as many vehicles as possible.

9.      In turn, Defendant Resolvion contracts with local recovery entities to assist in the services it agreed to do on behalf of Defendant Wells Fargo

10.     Upon information and belief, Defendant Resolvion pays the local recovery entity per recovery.  This pay structure creates an incentive to recovery as many vehicles as possible.

11.     Upon information and belief, Defendant Wells Fargo and Defendant Resolvion maintain control over the recovery process by requiring compliance from the local

3

recovery entity with Defendants' policies, procedures, insurance requirements, training, etc.

## Facts Specific to This Case

12. Upon information and belief, at some time before January 2023, Defendant Wells Fargo obtained a security interest/lien in the 2018 Genesis G80 (VIN KMHGN4JE8JU227797) (the "Vehicle").

13. The Vehicle was purchased to be used primarily by Plaintiff for household/non-business purposes. At all times, Plaintiff maintained rightful physical control of the Vehicle.

14. In December 2022, Defendant Wells Fargo considered the Vehicle's account to be in default and sought to take possession of the Vehicle

15. Defendant Wells Fargo contracted with Defendant Resolvion to take possession of the Vehicle.

16. In turn, Defendant Resolvion contracted with Defendant Keel Recovery to physically take possession of the Vehicle.

17. On January 3, 2023, Plaintiff came home from work in the Vehicle and parked to get his mail at the neighborhood mailbox.

18. Plaintiff noticed a man standing in the parking lot near Plaintiff's home. Since the neighborhood is behind a locked gate, Plaintiff became even more suspicious of the man.

19. Upon information, this man was an agent/employee of Defendant Keel Recovery and had been in the neighborhood for some time attempting to locate the Vehicle.

20. Plaintiff drove to his driveway and had a short conversation with his daughter who was on the balcony.

21. At this point, Defendant Keel Recovery's tow truck was visible approaching Plaintiff's home in order to take the Vehicle.

22. Plaintiff pulled the Vehicle into his garage and exited back outside in order to pull his daughter's car into the driveway.

23. At this point, upon information and belief, the repossession agent on foot fired gunshot at Plaintiff.

24. Plaintiff fell to the ground and scrambled back to his home.

25. Plaintiff's daughter and neighbor looked out the window in reaction to the gunshot noises.

26. The repossession agent on foot ran to the gate and met the repossession agent in the truck at the gate since it could only be opened automatically by sensing an approaching car.

27. Afterwards, Plaintiff immediately contacted 911 and the Dallas Police Department was dispatched.

28. The Dallas Police Department initiated an investigation and that investigation is still pending and ongoing.

29. Upon information and belief, Defendant Wells Fargo obtained possession of the Vehicle at a later date and disposed of it via auction.

## COUNT TWO
## FDCPA CLAIM AGAINST DEFENDANT RESOLVION AND DEFENDANT KEEL RECOVERY

30. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

31. The Defendant Resolvion and Defendant Keel Recovery engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

32. Defendants took non-judicial action to attempt dispossession of the Vehicle without a present right of possession due to a breach of the peace in violation of 15 U.S.C. § 1692f(6);

33. As a proximate cause of Defendants' conduct, the Plaintiff incurred monetary damages and has suffered mental damages and the accompanying physical damages.

## COUNT TWO
## VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANTS

34. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

35. Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6).

6

36. Defendants violated Tex. Fin. Code § 392.301(a)(1) by using violence or other criminal means to cause harm to a person or property of a person.

37. As a proximate cause of Defendants' conduct, the Plaintiff incurred monetary damages and has suffered mental damages and the accompanying physical damages.

## COUNT THREE
## ASSAULT AND BATTERY

38. The Plaintiff adopts the factual averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

39. Defendant intentionally and knowingly caused physical contact with Plaintiff which caused bodily injury and he knew or should have known the contact would be regarded as offensive or provocative.

40. Defendants intentionally or knowingly threatened Plaintiff with imminent bodily injury by firing the gun.

41. As a proximate cause of Defendants' conduct, the Plaintiff incurred monetary damages and has suffered mental damages and the accompanying physical damages.

## AMOUNT OF DAMAGES DEMANDED

Plaintiff demands a judgment against the Defendants as follows:

42.   Compensatory and punitive damages against the Defendants;

43.   Remedies available under the FDCPA, including statutory damages, costs, and

attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k;

and,

44.   Remedies available under cited Texas law, including statutory damage, costs and

attorneys' fees and any other compensatory damages; and,

45.   Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35203
(205) 378-8121
jch@jch-law.com