IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY HARDRICK,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | CASE NO. 3:24-cv-00014-d |
| **WELLS FARGO BANK NATIONAL** | § | |
| **ASSOCIATION; RESOLVION, LLC;** | § | |
| **KEEL RECOVERY, INC.;** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT WELLS FARGO BANK N.A.'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), hereby files this Motion to Dismiss or in the Alternative, Motion for a More Definite Statement (the "Motion"). In support thereof, Wells Fargo respectfully states as follows:

### I.   INTRODUCTION

On or about January 3, 2024, Plaintiff filed its Complaint [Doc 1] (the "Complaint"). The Complaint contains conclusory allegations that constitute a futile attempt to hold Wells Fargo responsible for the alleged wrongful conduct of a third-party, Defendant Keel Recovery, Inc. ("Keel Recovery"). However, it is unclear which claims, exactly, are alleged against Wells Fargo because the Complaint fails to specify which causes of action are alleged against which defendants. Additionally, Plaintiff's Complaint fails to plead any factual allegations that give rise to a plausible claim against Wells Fargo for *any* of the asserted causes of action. Accordingly, this case should be dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff's Complaint asserts vague, bare bones causes of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Texas Debt Collection Practices Act ("TDCPA"), and assault and battery. Complaint at ¶¶ 30-33, 34-37, 38-41. However, Plaintiff fails to clearly identify which claims are brought against which defendants—Plaintiff's cause of action for violation of the TDCPA is brought against unspecified "Defendants" while the claim for assault and battery is alleged against *both* "Defendant" (singular) and "Defendants" (plural), without ever specifying which of the three defendants might be intended. *Id.* at ¶¶ 36, 39-40. Plaintiff's vague and imprecise pleading makes it impossible for Wells Fargo to determine with any certainty which claims are being brought against it.

Additionally, Plaintiff's claims must fail because they plead no factual allegations that give rise to liability for either violation of the TDCPA or assault and battery.[1] In the cause of action for violation of the TDCPA, Plaintiff makes the conclusory allegation that "Defendants are debt collectors within the meaning of Tex. Fin. Code § 392.001(6)." *Id.* at ¶ 35. However, when identifying the parties, Plaintiff specifically alleged that both Defendant Resolvion, LLC and Defendant Keel Recovery, Inc are "debt collector[s], as defined by the FDCPA 15 U.S.C. § 1692a(6)." *Id.* at ¶¶ 3-4. However, Plaintiff does *not* make a similar allegation with regard to Wells Fargo. Complaint at ¶2. Because Plaintiff fails to even plead that Wells Fargo meets the definition of a "debt collector," Plaintiff's claim for violation of the TDCPA against Wells Fargo fails. Furthermore, although Plaintiff broadly alleges that "Defendant…caused physical contact with Plaintiff" and "Defendants…threatened plaintiff with imminent bodily injury by firing a gun," Plaintiff does not plead any facts that support either claim against Wells Fargo. Indeed, Plaintiff's

---

[1] Plaintiff's claim for violation of the FDCPA is brought against "Defendant Resolvion and Defendant Keel Recovery" so Wells Fargo will proceed in this Motion on the assumption that only the two remaining claims are being alleged against Wells Fargo.

Page 2

facts only aver that a "an agent/employee of Defendant Keel Recovery" "fired gunshot [sic] at Plaintiff." *Id.* at ¶¶ 19, 23. Because Plaintiff's Complaint fails to plead sufficient factual allegations to give rise to liability under either asserted cause of action, Plaintiff's Complaint against Wells Fargo should be dismissed.

Alternatively, and in the event this Court denies the Motion to Dismiss, Plaintiffs should be compelled to file a more definite statement of their claims against Wells Fargo pursuant to Fed. R. Civ. P. 12(e).  A more definite statement is necessary because the basic pleading requirements under Fed. R. Civ. P. 8 have not been met.  Wells Fargo cannot respond to a pleading that alleges no claims or facts against it.

## II.   ARGUMENTS & AUTHORITIES

### A.   Standards for Dismissal Under Rule 12(B)(6).

The standards for dismissal under Rule 12(b)(6) are well known. In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must set forth "plausible" grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556).  In considering a motion to dismiss, courts may begin by identifying pleadings "that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*. at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id*. (emphasis added).

In resolving a Rule 12(b)(6) motion, a court will not "strain to find inferences favorable to plaintiffs" nor will it accept "conclusory allegations, unwarranted deductions, or legal conclusions." *See, e.g., R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005); *see also*

*Twombly*, 550 U.S. at 555 (explaining that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ."). The court may dismiss a complaint under Rule 12(b)(6) if either (1) the complaint fails to assert a cognizable legal theory, or (2) the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

Here, Plaintiffs fail to plead facts necessary to support their theories of liability. Instead, their Complaint is based wholly upon unsupported conclusions, which this Court is not required to accept as true.

**B.     Plaintiff's Claim Against Wells Fargo for Violation of the TDCPA Must Be Dismissed Because Plaintiff Fails to Plead Any Claims or Factual Allegations Giving Rise to A Plausible Cause of Action.**

The elements of a claim for violation of the TDCPA are: "(1) the debt is consumer debt; (2) the defendant is a debt collector as defined by the TDCA; (3) the defendant committed a wrongful act in violation with the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act." *McDaniel v. JPMorgan Chase Bank, N.A.,* No. 1:12-CV-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (citing Tex. Fin. Code Ann. §§ 392.001-392.404). Under the TDCA, a "debt collector" is "a person who directly or indirectly engages in debt collection." *Id.* at § 392.001(6). "Debt collection" is defined as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5).

Plaintiff's Complaint fails to allege anything more than conclusory allegations that Defendant Wells Fargo is a "debt collector" under the TDCPA and fails to allege—*at all*— that Defendant Wells Fargo committed any wrongful act. In its description of the Defendants, Plaintiff alleges that Defendants Resolvion and Keel are "engaged in the business of collecting consumer

debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Dallas County, Texas" and are "'debt collector[s]'" as defined by the FDCPA 15 U.S.C. § 1692a(6)." Complaint at ¶3-4. Plaintiff makes no such allegations with regard to Wells Fargo. Indeed, in its factual averments, Plaintiff states only that "Defendant Wells Fargo contracted with Defendant Resolvion to take possession of the Vehicle." Complaint ¶15. This allegation, standing alone, is insufficient to state a plausible claim that Wells Fargo is a "debt collector" within the meaning of the statute, since Plaintiff fails to allege that Wells Fargo is taking any action or practice in collecting consumer debts. *See* Tex. Fin. Code Ann. § 392.001.

Additionally, Plaintiffs fail to plead that Wells Fargo had anything to do with the alleged wrongful acts—namely, the pointing and firing of a gun at Plaintiff during the attempted repossession of the vehicle. In the Complaint, Plaintiff alleges that "an agent/employee of Keel Recovery" was "standing in the parking lot near Plaintiff's home" and "had been in the neighborhood for some time attempting to locate the Vehicle." Complaint at ¶¶ 18-19. Plaintiff further alleges that "Defendant Keel Recovery's tow truck was visible approaching Plaintiff's home" and "the repossession agent on foot fired [sic] gunshot at Plaintiff." *Id.* at ¶¶ 21, 23. Plaintiff fails to allege that Wells Fargo or any agent or employee or Wells Fargo was anywhere near Plaintiff at the time the alleged gunshot was fired and fails to allege any facts or theories that would support holding Wells Fargo liable for the actions of Defendant Keel, such that Wells Fargo would be liable under the TDCPA. Accordingly, Plaintiff's claim for violation of the TDCPA against Defendant Wells Fargo should be dismissed.

C. **Plaintiff Fails to Allege Sufficient Facts to Assert a Plausible Claim For Assault and Battery Against Wells Fargo.**

Similarly, Plaintiff purports to bring a cause of action for assault and battery, vaguely alleging that that "Defendant…caused physical contact with Plaintiff" and "Defendants….

threatened Plaintiff with imminent bodily injury by firing the gun," without ever specifying which of the three Defendants he is referring to. Complaint ¶¶ 39-40. However, Plaintiff's factual averments allege only that an agent or employee of Defendant Keel Recovery, alone, was in the Plaintiff's neighborhood, trying to repossess Plaintiff's vehicle, and/or fired a gun at Plaintiff. *See Id.* at ¶¶ 21, 23. Plaintiff pleads absolutely no facts whatsoever with respect to Defendant Wells Fargo that would support a claim that Wells Fargo "caused physical contact with Plaintiff' or "fir[ed] a gun" at Plaintiff, and does not even allege that any representative, agent, or employee of Wells Fargo was at all involved in the physical repossession attempt or anywhere near Plaintiff when the events giving rise to this cause of action occurred. *Id.* at ¶¶12-26. Plaintiff's assault and battery claim against Wells Fargo is the very definition of "conclusory" and is insufficient to survive a motion to dismiss under 12(b)(6). Because Plaintiff's Complaint fails to plead any factual allegations that would give rise to a claim for assault and battery against Defendant Wells Fargo, Plaintiff's Complaint should be dismissed.

**D.      Alternatively, the Court Should Grant Wells Fargo's Rule 12(e) Motion for More Definite Statement.**

In the alternative, Wells Fargo requests that the Court require Plaintiff to file a more definite statement under Rule 12(e) as to any claims against Wells Fargo, thereby allowing Wells Fargo the ability to respond to such claims. Fed. R. Civ. P. 8(a) requires a "short and plain statement of the claims showing that the pleader is entitled to relief." For this reason, Rule 12(e) provides that "if a pleading…is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement." Fed. R. Civ. P. 12(e).

A more definite statement is necessary because the basic pleading requirements under Fed. R. Civ. P. 8 have not been met. The Complaint presents no allegations or claims against Wells Fargo and fails to provide any factual allegations pertaining to Wells Fargo or Wells Fargo's

involvement in the wrongful conduct made the basis of this lawsuit. As a result, Wells Fargo cannot frame a responsive pleading without making far-fetched assumptions regarding the Plaintiffs' allegations, which Wells Fargo is not required to do.  As a defendant, Wells Fargo is expected to respond to the pleadings in short and plain terms, asserting defenses and admitting or denying the averments upon which the adverse party relies.  Fed. R. Civ. P. 8(b).  As it stands, the petition provides no cognizable claims against Wells Fargo and no set of factual allegations supporting such claims.  These material deficiencies render it impossible for Wells Fargo to properly state its defenses and comply with its obligations under Fed. R. Civ. P. 8(b).

## III.   CONCLUSION

WHEREFORE, Defendant Wells Fargo Bank, N.A. respectfully requests that the Court grant its Motion to Dismiss, or alternatively, its Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e).  Furthermore, to the extent the Court orders a more definitive statement, Wells Fargo requests that the Court dismiss Plaintiffs' claims with prejudice should Plaintiffs fail to comply with the Court's Order within ten (10) days of its issuance. Wells Fargo further requests all relief, in law or equity, to which it may justly be entitled.

Dated: March 1, 2024

                                      Respectfully submitted,

                                      */s/ Robert T. Mowrey*

                                      **Robert T. Mowrey – Attorney-in-Charge**
                                        Texas Bar No. 14607500
                                        rmowrey@lockelord.com
                                      **Matthew K. Hansen**
                                        Texas State Bar No. 24065368
                                        mhansen@lockelord.com
                                      **Caroline H. Boone**
                                        Texas State Bar No. 24109653
                                        Caroline.Boone@lockelord.com
                                      **LOCKE LORD LLP**
                                      2200 Ross Avenue, Suite 2800
                                      Dallas, TX 75201
                                      (214) 740-8000 (Telephone)
                                      (214) 740-8800 (Facsimile)

                                      **ATTORNEYS FOR DEFENDANT FOR WELLS FARGO BANK NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I have served the foregoing document on all counsel and parties of record in accordance with the Federal Rules of Civil Procedure via the Court's electronic service on March 1, 2024.

                                        /s/ *Robert T. Mowrey*
                                        Robert T. Mowrey