IN THE UNITED STATES DISTRICT COURT
IN THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY HARDRICK,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-00014-D |
| | § | |
| **WELLS FARGO BANK** | § | JURY REQUESTED |
| **NATIONAL ASSOCIATION;** | § | |
| **RESOLVION, LLC; KEEL** | § | |
| **RECOVERY, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL
RULES OF CIVIL PROCEDURE RULE 26(f)**

1. State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

**The following attorneys conferred in person on April 1, 2024, regarding the draft of the JDCMP and proposed scheduling order: John Hubbard, attorney for the Plaintiff and Caroline Boone, attorney for the Defendant Wells Fargo Bank National Association. Raymond Kutch attorney for the Defendants Keel Recovery, Inc. and Resolvion, LLC appeared by Zoom due to Matthew Kolodoski's sudden illness the morning of April 1, 2024.**

2. List the cases related to this one that are pending in any state or federal court—including the case number and court—and state how the cases are related.

**No cases related to the above-entitled and numbered cause are pending in state or federal court.**

3. <u>Briefly</u> describe what this case is about—including a statement of the claims and defenses.

**This lawsuit stems from the alleged repossession of a 2018 Genesis G80 involving a breach of the peace in Dallas County, Texas. Plaintiff has asserted claims of (a) Federal Debt Collection Practices Act violations against Defendants Resolvion and Keel Recovery; (b) violations of the**

1

**Texas Debt Collection Practices Act against all named defendants; and (c) assault and battery against all named defendants. [Dkt. #18].**

4. Identify a proposed time limit to file motions for leave to join other parties.

**The parties propose a joinder deadline of June 3, 2024.**

5. Identify a proposed time limit to amend the pleadings.

**The parties propose a pleadings deadline of June 3, 2024.**

6. Identify proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers the deadline to occur 120 days before trial);

**The parties propose that the dispositive motion deadline occur 120 days before trial.**

7. Specify the allegation of federal jurisdiction.

**This Court has original subject matter jurisdiction over this lawsuit according to 28 U.S.C. § 1331 and § 1343(4) because this suit presents a federal question and seeks relief pursuant to federal statutes—specifically, 15 U.S.C. § 1693f(6) [Dkt. #18].**

8. Identify the parties who disagree and the reasons.

**The parties agree that this Court has jurisdiction.**

9. Identify any issues as to service of process, personal jurisdiction, or venue.

**There are no issues regarding service of process, personal jurisdiction, or venue for the Defendants who have appeared in this lawsuit.**

10. List anticipated additional parties that should be included and when they can be added, and identify any class or collective-action certification issues.

**There are no anticipated additional parties that should be included in this lawsuit, and there are also no class or collective-action issues in it.**

11. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

**Each party has appeared in this lawsuit and will be making initial disclosures as required by Rule 26(a).**

12. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations after the other issues are resolved.

**The parties agree to the submission of the fees issue to the court on affidavits or declarations.**

13. Describe the proposed discovery plan, including:

   A. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.

   B. Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

   C. When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

**Plaintiff anticipates sending interrogatories and requests for production no later than 30 days prior to the end of the discovery to all Defendants who have appeared in this case.**

   D. When and to whom the defendant anticipates it may send interrogatories and requests for production.

**Defendant Keel Recovery will send the interrogatories and request for production to Plaintiff within 20 business days of the initial scheduling conference.**

**Defendant Resolvion will send interrogatories and requests for production to Plaintiff within 20 business days of the initial scheduling conference.**

**Defendant Wells Fargo anticipates sending interrogatories and requests for production to all Defendants who have appeared in this case no later than 30 days before the end of the discovery.**

   E. Of whom and by when does the plaintiff anticipate taking oral depositions, and can they be done remotely, such as by Zoom?

**Plaintiff anticipates he will notice depositions of relevant fact witnesses, Rule 30(b)(6) designated witnesses of Defendants, and any expert witnesses before the end of the discovery deadline.**

3

    F.    Who and when does the defendant anticipate taking oral depositions, and can they be done remotely, such as by Zoom?

**Defendants anticipate it will notice depositions of Plaintiff, relevant fact witnesses, and any other relevant witness before the end of the discovery deadline.**

    G.    Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

**There are currently no threshold issues in this lawsuit.**

    H.    Are any experts needed on issues other than attorneys' fees?

**Plaintiff's anticipates that experts will not be needed outside of treating medical professionals.**

**Defendant Keel Recovery's position: Keel Recovery anticipates that experts will be needed in this case and reserves the right to retain additional experts as needed based on discovery.**

**Defendant Resolvion's position: Resolvion anticipates that experts will be needed in this case and reserves the right to retain additional experts as needed based on discovery.**

**Defendant Wells Fargo's position: Wells Fargo anticipates that experts will be needed in this case and reserves the right to retain additional experts as needed based on discovery.**

    I.    If medical experts are needed, whether they are only treating physicians or are also designated on other issues,

**Plaintiff anticipates there may be a need for testimony from medical professionals that treated Plaintiff.**

    J.    When will the plaintiff (or the party with the burden of proof on an issue) be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when will the opposing party be able to designate responsive experts and provide their reports?

**Plaintiff shall designate experts and provide reports required by Rule 26(a)(2)(B) on or by October 11, 2024.**

    K.    List the expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking, their expected completion date, and whether they can be done remotely, such as by Zoom. *See*

4

>   Fed. R. Civ. P. 26(a)(2)(B) (enumerating rules on disclosure of expert testimony and the corresponding written report(s)).

**Plaintiff anticipates that he will depose experts designated by Defendants within 30 days of the designation of experts by both defendants.**

>   L.   List the expert depositions the opposing party anticipates taking, their expected completion date, and whether they can be conducted remotely, such as via Zoom.

**Defendant Keel Recovery anticipates that it will depose experts designated by Plaintiff within 30 days of his designation of experts.**

**Defendant Resolvion anticipates that it will depose experts designated by Plaintiff within 30 days of his designation of experts.**

**Defendant Wells Fargo anticipates that it will depose experts designated by Plaintiff within 30 days of his designation of experts.**

>   M.   In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

**This Court has original subject matter jurisdiction over this lawsuit according to 28 U.S.C. § 1331 and § 1343(4) because this suit presents a federal question, and thus, the diversity of parties is not relevant.**

>   N.   What changes should be made in the limitations on discovery imposed under these rules or by local authority, and what other limitations should be imposed;

**No changes need to be made in the limitations on discovery imposed under these rules or by local regulations at this time.**

>   O.   Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

**The parties propose utilizing File Transfer Protocol links with temporary login credentials to transfer files from one host to another.**

>   P.   The depositions that need to be taken, and in what sequence;

**Defendants request that Plaintiff be deposed first.**

5

Q. Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order;

**The parties agree that they will prepare a protective order, if necessary.**

14. If the parties do not agree on a part of the discovery plan, describe each party's separate views and proposals.

**The parties agree with the discovery plan as set forth in the joint discovery/case management plan.**

15. Specify the discovery beyond initial disclosures that have been undertaken to date.

**No discovery has been undertaken to date.**

16. State the date the planned discovery can reasonably be completed.

**The parties believe that discovery can reasonably be completed by February 10, 2025.**

17. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

**The parties have discussed the possibility of a prompt settlement or resolution of this case. The parties agree to revisit attending mediation after they complete preliminary discovery.**

18. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case. Include (i) whether the parties are considering mediation or arbitration to resolve this litigation; (ii) a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.); and (iii) if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;

**The respective clients have been explained dispute resolution procedures. The parties are discussing the possibility of a prompt settlement or resolution of this case.**

19. State whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge;

**The parties do not agree to a trial before a magistrate judge.**

20. State whether a jury demand has been made and if it was made on time.

**The plaintiff made a timely jury demand.**

21. State a proposed trial date, the estimated number of days required for trial, and whether a jury has been demanded. Please specify the number of hours it will likely take to present the evidence.

**The parties estimate that the length of trial will be 5 days and it will take approximately 25 hours to present evidence.**

22. Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

**None.**

23. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

**Defendant Wells Fargo's Motion to Dismiss under 12(b)(6) is pending with this Court.**

24. List other pending motions.

**None.**

25. List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

**Plaintiff's Counsel: John C. Hubbard (TBN: 24076511), John C. Hubbard, LLC, P.O. Box 953, Birmingham, AL 35203 (205-378-8121).**

**Defendant Keel Recovery, Inc.: George Arnold (TBN: 00783559); Raymond M. Kutch, (TBN: 24072195) and Matthew J. Kolodoski (TBN: 24081963), Thompson, Coe, Cousins & Irons, LLP, 4400 Post Oak Parkway, Suite 1000, Houston, TX 77027 (713-403-8210).**

**Defendant Resolvion, LLC.: George Arnold (TBN: 00783559); Raymond M. Kutch, (TBN: 24072195) and Matthew J. Kolodoski (TBN: 24081963), Thompson, Coe, Cousins & Irons, LLP, 4400 Post Oak Parkway, Suite 1000, Houston, TX 77027 (713-403-8210).**

**Defendant Wells Fargo Bank National Association: Caroline Boone (TBN: 24109653), Locke Lord LLP, 2200 Ross Avenue, Suite 280, Dallas, TX 75201 (214-740-8000).**

26. List any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

**The parties do not have any other proposals regarding scheduling and discovery that they believe will facilitate a more expeditious and orderly preparation for trial.**

27. List whether a conference with the Court is desired;

**A conference with the Court is not necessary currently.**

28. List any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under Federal Rules of Civil Procedure 16(b), 16(c), or 26(c); and

**There are currently no other matters relevant to the status and disposition of this case.**

29. A statement that counsel have read (i) the *Dondi* opinion—*Dondi Properties Corp. v. Com. Sav. & Loan Ass'n*, 121 F.R.D. 284, 285 (N.D. Tex. 1988) (per curiam)— and (ii) the District's Civil Justice Expense and Delay Reduction Plan (http://www.txnd.uscourts.gov/sites/default/files/documents/cjedrp.pdf).

**The parties have read the *Dondi* opinion.**

**FOR CONVENIENCE, THE COURT PROVIDES THE FOLLOWING CRITICAL DEADLINES CHART FOR THE PARTIES TO REVISE, MAKE ADDITIONS, AND COMPLETE, AS AGREED:**

| | |
|---|---|
| Deadline for Joint Report naming Mediator | February 28, 2025 |
| Deadline for Completion of Mediation | March 21, 2025 |
| Deadline for Motions for Leave to Join Parties or Amend Pleadings | June 3, 2024 |
| Plaintiff's Expert Designation & Report | October 11, 2024 |
| Defendant's Expert Designation & Report | November 8, 2024 |
| Rebuttal Expert Designation | December 6, 2024 |
| Deadline for Completion of Discovery | February 10, 2025 |
| Deadline for Expert Objections | January 10, 2025 |
| Deadline for Dispositive Motions | February 10, 2025 |
| Deadline for Pretrial Disclosures and Objections | May 19, 2025 |
| Deadline for Pretrial Materials (pretrial order etc.) | May 19, 2025 |
| Settlement Conference | *Ten days prior to the pretrial conference* |
| Exchange of Exhibits | *Two business days prior to the pretrial* |
| Pretrial Conference | *Friday before trial—at 10:00 a.m.* |
| Trial Date | June 9, 2025 |

*/s/ John C. Hubbard*                                           April 1, 2024
John C. Hubbard                                                  Date
Attorney for Plaintiff

*/s/ Raymond M. Kutch*                                April 1, 2024
Raymond Kutch                                                  Date
Attorney for Defendants Keel Recovery
and Resolvion

*/s/ Caroline Boone*                                        April 1, 2024
Caroline Boone                                                  Date
Attorney for Defendant Wells Fargo