IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY HARDRICK, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 3:24-CV-00014-D |
| v. § | |
| § | JURY |
| WELLS FARGO BANK § | |
| NATIONAL ASSOCIATION; § | |
| RESOLVION, LLC; KEEL § | |
| RECOVERY, INC., § | |
| § | |
| *Defendants*. § | |

**DEFENDANTS WELLS FARGO BANK NATIONAL ASSOCIATION,
RESOLVION, LLC AND KEEL RECOVERY, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendants WELLS FARGO BANK NATIONAL ASSOCIATION, RESOLVION, LLC and KEEL RECOVERY, INC. ("Defendants") file this Brief Motion for Summary Judgment and Brief in Support under FED. R. CIV. P. 56 and respectfully show the Court as follows:

**A.    Summary**

On January 3, 2024, Mr. Hardrick filed a Complaint against Defendants Wells Fargo, Resolvion and Keel Recovery alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and its state counterpart, the Texas Debt Collection Practices Act ("TCPA"), as well as assault and battery.

As set out more thoroughly in their Brief in Support of their Motion for Summary Judgment and the attached appendix, Defendants move on all of the plaintiff's claims.

1

To order to prevail on a FDCPA claim, a plaintiff must allege facts sufficient to show the following: "(1) [Plaintiff has] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."

While similar, the elements of a claim for violation of the TCPA are: "(1) the debt is consumer debt; (2) the defendant is a debt collector as defined by the TCPA; (3) the defendant committed a wrongful act in violation with the TCPA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act."

Defendants move on both of these causes of action because they were not engaged in debt collection activities at the time of the shooting, they did not commit any wrongful violation against Mr. Hardrick, and the shooter was not related to the Defendants.

Defendants also move on Plaintiff's assault and battery claims. To maintain a cause of action for assault and battery, Plaintiff must prove Defendants knowingly or intentionally engaged in offensive or provocative physical conduct. As assault and battery in the civil context is predicated by the Texas Penal Code definition, so is the standard for intentional or knowing. Again, nothing in the record suggests that any defendant engaged in offensive or provocative physical conduct against Mr. Hardrick. The shooter is not affiliated with any of the defendants.

    **B.**    **Standard of review**

A summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### C.     Relief sought.

In addition to Defendants' brief and the appendix supported within, Defendants respectfully ask the court to dismiss all of Plaintiff's claims as a matter of law and for any further such relief to which they may be entitled.

Respectfully submitted,

By: */s/ Raymond M. Kutch*
**George Arnold**
State Bar No. 00783559
garnold@thompsoncoe.com
**Raymond M. Kutch**
State Bar No. 24072195
rkutch@thompsoncoe.com
**Essay Eden**
State Bar No. 24120248
eeden@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**Matthew J. Kolodoski**
State Bar No. 24081963
mkolodoski@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR DEFENDANTS WELLS FARGO BANK NATIONAL ASSOCIATION, KEEL DISCOVERY, INC. and ALS RESOLVION, LLC**

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been e-filed with the District Clerk of the Northern District of Texas, Dallas Division and served upon all counsel of record under the Federal Rules of Civil Procedure on March 10, 2025.

           _/s/ Raymond Kutch_
          Raymond M. Kutch